**FILED**

OCT 2 9 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

YUSUF O. BUSH,                    )
                                  )
            Plaintiff,            )
                                  )
        v.                        )       Civil Action No.  1:19-cv-02867 (UNA)
                                  )
DISTRICT OF COLUMBIA, *et al.,*   )
                                  )
            Defendants.           )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, application for leave to proceed *in forma pauperis* ("IFP"), and motion for preliminary injunction. The court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting). The motion for preliminary injunction will be denied as moot. Plaintiff has also filed a motion to amend complaint, which will also be denied.

Plaintiff is a federal inmate currently designated to the U.S. Penitentiary located in Lewisburg, Pennsylvania. He sues the District of Columbia "by way of [District of Columbia Superior Court] Judge Breslow" for alleged due process violations and "abuse of process (tort) and personal injury (tort)." He also sues the District of Columbia Child and Family Services Agency and three individuals who appear to be court-appointed guardians and/or licensed social workers involved with an underlying custody matter before the District of Columbia Superior Court. He sues the latter set of defendants for alleged "14th and 15th amendment violations . . . as well as abuse of process (tort)[,] personal injury (tort), and malicious interference (tort)." He also seemingly attempts to bring "state law claim[s]." He seeks $2 million in damages per claim.



Plaintiff's initial complaint contains several deficiencies.  The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

While plaintiff seemingly brings several different causes of action, all of his claims are rooted in his apparent discontent with the decisions and outcome of a child custody matter before Judge Breslow in D.C. Superior Court.  Federal district courts lack jurisdiction to review or interfere with judicial decisions by state and District of Columbia courts.  *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995)).  Under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, this court may hear suits alleging that public officials have violated rights secured by the Constitution or federal law.  However, none of plaintiff's allegations implicate constitutional or federal statutory rights.  *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25 (1981) (no constitutional right to counsel in civil actions where plaintiff's personal liberty is not at stake); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (child custody issues uniquely suited to resolution in local courts). Consequently, there is no factual basis to support federal question jurisdiction.

Furthermore, plaintiff attempts to sue a judge.  Based on the allegations in the complaint, all of the actions allegedly occurred in a judicial capacity.  Such actions are thus protected under



the doctrine of judicial immunity. Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.; see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Lastly, this court may entertain non-federal claims if the matter involves citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). First, plaintiff is a citizen of the District of Columbia. *See United States v. Bush*, No. 2014 CF1 008930 (D.C. Super. Ct. filed May 21, 2015); *see also Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1982), *cert. denied*, 431 U.S. 941 (1977) (prisoner's citizenship not affected by incarceration in different state). All defendants are also located in the District of Columbia. Second, to the extent that plaintiff sues the individual defendants in their official capacities, he cannot establish diversity jurisdiction with respect to those employees because the District of Columbia and its attendant agencies are not 'citizens' of any state, *see Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987).

Since the initiation of this matter, plaintiff has also filed a motion to amend complaint. This request fails to comply with the requirements of District of Columbia Local Civil Rules 7(i)

and 15.1. Additionally, leave to amend will not be granted when amendment would be futile. *See Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, plaintiff seemingly requests that the court interpret defendant "Stacey Roberts (guardian)" as an "agent of the state," and employee of the District of Columbia government. He alleges that Ms. Roberts has denied him contact with his son. This proposed amendment is of no consequence as it still fails to provide this court with any basis for jurisdiction or to cure any of the other aforementioned defects.

Plaintiff fails to raise any federal question. He also fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date:   October 25 , 2019

CHRISTOPHER R. COOPER
United States District Judge